TOMLINSON CHAIR MANUFACTURING CO. v. C. M. TOWN-
SEND.

(Filed 19 October, 1910.)

1. **Evidence—Depositions—Objections Waived.**

   The objections to the reading of the depositions of a witness
   under Rev., 1648, upon the ground that the subpœna, though duly
   issued, was returned "not to be found" is waived if not taken be-
   fore the beginning of the trial.

2. **Evidence, Immaterial — Depositions — Objections — Harmless
   Error.**

   Evidence merely immaterial in a deposition is harmless. A new
   trial will not be granted therein unless for prejudicial error.

3. **Evidence—Depositions—Witnesses—Subpoena—Interpretation
   of Statutes.**

   By reasonable construction, Revisal, 1645 (9), means that
   where the deposition has been regularly taken, and where the
   witness is more than seventy-five miles from the place of trial
   without the consent of the party, and the presence of the wit-
   ness cannot be procured, the deposition may be read if a sub-
   pœna has been duly issued—not necessarily served.

APPEAL by defendant from *W. R. Allen, J.,* at the May Term,
1910, of ROBESON.

The facts are sufficiently stated in the opinion.

*McIntyre, Lawrence & Proctor* for plaintiff.
*McNeill & McNeill* for defendant.

CLARK, C. J. The deposition of T. W. Andrews was regu-
larly taken, the witness being duly subpœnaed, notice served on
the opposite party and full opportunity for both sides to be
present. During the trial after much evidence had been intro-
duced, the defendant for the first time objected to the deposition
when offered in evidence because it did not appear that the wit-
ness had been "summoned as required by Revisal, 1645 (9), he
being within the State and more than 75 miles from Lumber-
ton" (the place of trial). The subpoena had been duly issued
to the county where the witness resided and was returned "not
to be found."

The objection was waived by not having been taken before the beginning of the trial (Revisal, 1648). It would manifestly be the greatest injustice to permit a party to go into a trial relying upon a deposition as a part of his evidence and then deprive him of it by an objection which if made before the trial might have been cured by other evidence or by procuring a continuance.

Besides, if it had been error to admit the deposition, it was harmless error in this case because the testimony contained in the deposition was immaterial. A new trial will not be granted for an error unless prejudicial. *Freeman v. Brown,* 151 N. C., 113.

Besides, we are disposed to think that the words "duly summoned" as used in Revisal, 1645 (9), means "subpoena duly issued." That subsection reads, "If the witness has been duly summoned, and at the time of the trial is out of the State or is more than 75 miles, by the usual public mode of travel, from the place where the court is sitting, without procurement or consent of the party offering the deposition," it may be read. The statute, if strictly construed, would prevent any deposition being read if the witness lived out of the State, or was absent from it at the time the subpoena was issued. It must be given a reasonable construction to effectuate its purpose. Giving it such construction, it means that where the deposition has been regularly taken, and where the witness is more than 75 miles from the place of trial, without the consent of the party, and the presence of the witness cannot be procured, the deposition may be read if a subpoena has been duly issued.

Read in connection with the context "duly summoned" (which is a word not applicable to a witness) means, and must mean, "subpoena duly issued," *i. e.,* that due effort has been made to secure the presence of the witness. It cannot be the purpose of the statute to deprive a party of the benefit of a deposition, regularly taken, with due notice and opportunity to both sides to be present, because the witness cannot be found at the time of the trial. Indeed, the deposition is allowed to be used only because of the expense, or impossibility, of having the witness present at the trial. If the witness is found and served with the sub-

poena, it would be his duty to attend the trial. The plaintiff having done all that could be done to obtain the presence of the witness at the trial, by issuing subpoena to the county where he resided, and the subpoena having not been served by reason of his absence, no objection having been made before the trial on that ground, it would seem that the deposition was properly admitted.

No error.